Dear Mr. Langlinais:
You have requested an opinion of the Attorney General regarding the assessment of a twenty-five arpent tract of land that has recently been partitioned among thirty-one individuals. The factual scenario presented for our consideration may be summarized as follows.
In 1921 Onezia Renard donated the twenty-five arpent tract to ten (10) Blanchet siblings. Seventy-five years later a partition is entered into to divide the land among thirty-one appearers, two of whom are the original donees, each owning an undivided one-tenth (1/10) interest. The remaining twenty-nine appearers are allegedly the heirs or successors of the eight deceased Blanchet siblings.
Only two of the deceased Blanchets have had successions opened in Vermilion Parish. Otar Blanchet and Otto Blanchet. Otar Blanchet's succession does not reflect he owned the subject property at the time of his death. Otto Blanchet confected a will leaving his property equally to his adopted son, Joseph Blanchet and his step-son, Roy Robert Trahan. Mr. Trahan passed away leaving his interest in the subject property to his daughter, Patricia Ann Trahan. In the face of this clear writing of the Judgment of Possession, Mr. Trahan's widow, Etta E. Harding, nevertheless, appears in the Act of Partition asserting an ownership in Mr. Trahan's undivided one-twentieth (1/20) interest.
The remaining six Blanchet siblings are all presumably dead with no successions having been opened by any of them. There are no independent Affidavits of Death and Heirship for the six presumed deceased Blanchets. However, the twenty-three page partition does contain the following language:
 "The parties hereto realize that this partition is an attempt to partition their ownership interest in and to certain property after a lapse of seventy-five (75) years. In the interim, necessary succession proceedings and matters of probate might not be of record regarding some predeceased members of their family. The appearers declare that they are the only descendants of the eight (8) deceased original donees, and that they are entitled to the portions formerly owned by those persons."
The taxes are currently being assessed in the name of one of the original ten heirs on behalf of all. Given the above information, you ask whether it is within your discretion to question the partition in your determination of the proper name(s) in which the property should be assessed.
The general conditions upon which a valid assessment can be made are discussed in Esso Standard Oil Company v. Abe Jordan, Jr.,et al., 231 La. 594, 92 So.2d 377 (1956), rehearing denied. In that case, our Supreme Court held:
 "Further, the law does not demand, as a condition to a valid assessment, that the assessor must search beyond the official records to ascertain who might or might not claim to own or to have an interest in a given parcel of land; nor is an assessor called upon to be the judge as to the holder of a superior title as between conflicting claimants. All that the law exacts as a valid assessment is that it be in the name of him who appears, upon the record, to be the owner."
This office has had occasion to rule on this issue in Atty. Gen. Op. March 25, 1960, p. 370 and Opinion No. 92-67. In the opinion dated March 25, 1960, this office held:
 "Of course, assessments of property should be made according to the records of the Clerk of Court or Conveyance Records, and therefore when the owner of the property is known to have died, the assessment should be in the name of the estate of the deceased owner. However, under the facts presented by you, where children or forced heirs sell the property, we do not believe that it is incumbent upon you to require succession proceedings in order to make assessments, but in the absence of fraud or where you have reason to believe that these heirs are the actual heirs, it is our opinion that the assessment should be made in the name of the purchaser, or the last record owner as reflected by the Conveyance Books." [Emphasis added.]
Opinion No. 92-67 reaffirms the above opinion.
As can be seen from the above opinions and jurisprudence, a valid assessment does not demand that the assessor search beyond the official records or conduct a title examination. As a general rule, the property should be assessed in the name of the record owner(s). Two exceptions to this general principle are the indication from the official records of the existence of fraud and/or that the purported heirs are not the actual heirs.
Accordingly, we are of the opinion that, in making your determination of the proper parties against which taxes should be assessed, you follow the above guidelines. After reviewing the official records pertaining to the subject property, should you determine that reasonable doubt exists as to any claim(s) of heirship, it is within your discretion to assess the property accordingly.
Should you have any additional questions concerning this matter, please do not hesitate to contact me. With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob III/cla